# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| BARBARA NEWKIRK-DAVIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | 1:11CV387 |
| ) | |
| LIBERTY LIFE ASSURANCE ) | |
| COMPANY OF BOSTON and FIL ) | |
| HOLDINGS CORPORATION GROUP ) | |
| DISABILITY INCOME POLICY, ) | |
| ) | |
| Defendants. ) | |

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the Court on the partial motion to dismiss filed by Defendant Liberty Life Assurance Company of Boston ("Liberty"). (Docket No. 6.) This civil action was dismissed as to the other named Defendant, FIL Holdings Corporation Group Disability Income Policy, earlier in this action. (Docket No. 12.) Plaintiff Barbara Newkirk-Davis has not responded to Defendant's partial motion to dismiss. For the reasons that follow, Defendant's unopposed motion should be granted.

## FACTS, CLAIMS, AND PROCEDURAL HISTORY

Plaintiff filed this action in North Carolina state court, and Defendants removed it to this Court. (Docket No. 1). Plaintiff asserts a claim for long term disability benefits under a group policy that Defendant Liberty issued to Plaintiff's employer, FIL Holdings

Corporation. (Docket No. 3, "Pl's Compl.") Plaintiff alleges that she became disabled due to severe depression, and that Defendants initially approved her application for long term disability benefits under the policy. However, Plaintiff further alleges that after receiving $2318.00 per month from late 2009 until August 9, 2010, Defendants wrongfully terminated her benefits and have since refused to pay benefits. Plaintiff appealed the termination of benefits, but Defendants denied her appeal. Plaintiff raises two claims for relief: (1) for long-term disability benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) of ERISA; and (2) for equitable relief regarding Defendants' denial of benefits pursuant to 29 U.S.C. § 1132(a)(3) of ERISA. (Pl.'s Compl.) Plaintiff also states that she is proceeding under the North Carolina Declaratory Judgment Act, N.C. Gen. Stat. § 1-253 *et seq*., and seeks declaratory relief in addition to an amount of unpaid benefits. (*Id*.)

Defendants seek dismissal of Plaintiff's second claim for relief and any claims made pursuant to the North Carolina Declaratory Judgment Act. (Docket No. 7.) Plaintiff's first claim for relief is not challenged in the motion to dismiss.

## DISCUSSION

A.  **Plaintiff's Second Claim for Relief**

Plaintiff seeks equitable relief for denial of benefits pursuant to 29 U.S.C. § 1132(a)(3). (Pl.'s Compl. ¶¶ 18-21.) Nonetheless, section 1132(a)(1)(B), which Plaintiff invokes in her first claim for relief, provides adequate relief for a claim of improper denial of benefits. *See Korotynska v. Metropolitan Life Ins. Co*., 474 F.3d 101, 105-08 (4th Cir.

2006).  When section 1132(a)(1)(B) provides adequate relief for a benefits claim, "a cause of action under § 1132(a)(3) is [] not appropriate."  *Id*. at 107; *Gardner v. TIMCO Aviation Serv., Inc.*, 2010 WL 3282662, No. 1:10CV429 (M.D.N.C. Aug. 19, 2010).  Accordingly, Plaintiff's second claim for relief should be dismissed.

**B.** **Plaintiff's Claim for Declaratory Relief under North Carolina Law**

Plaintiff states that she is proceeding in part under the North Carolina Declaratory Judgment Act and seeks declaratory relief.  (Pl.'s Compl.)  Pursuant to 29 U.S.C. § 1144(a), the federal law of ERISA preempts all state laws that "relate to" an employee benefit plan.  29 U.S.C. § 1144(a).  Plaintiff's claim for declaratory relief is based on her allegation that Defendants improperly denied her disability benefits.  Therefore, Plaintiff's request for declaratory relief pursuant to North Carolina law is related to her benefit plan and is preempted by ERISA.  *See Baumgartner v. Baltimore Gas & Elec. Co.*, 2004 WL 964205, No. CCB-03-1770, slip op. at *3 (D. Md. Apr. 27, 2004); *Angelo v. Unum Life Ins. Co.*, 1998 U.S. Dist. LEXIS 22549, No. 98-1659-A (E.D. Va. Dec. 18, 1998).  Plaintiff's claim for declaratory relief pursuant to the North Carolina Act should be dismissed.

## CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that Defendant Liberty's partial motion to dismiss (Docket No. 6) be granted. This action should proceed only on Plaintiff's first claim for relief against Liberty.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: November 16, 2011